*1290 ATTORNEY DISCIPLINARY PROCEEDINGS
I ¡PER CURIAM.
This matter arises from two petitions for consent discipline, each filed jointly by respondent, Duke Ellington Tilley, Jr., and the Office of Disciplinary Counsel (“ODC”) prior to the institution of formal charges. For his misconduct in four unrelated matters, the parties proposed that respondent be disbarred from the practice of law. The disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
This proceeding involves four separate instances of misconduct. The facts are not in dispute, having been stipulated to by the parties.
01-DB-015
In January 1996, respondent was retained to handle a succession matter.[1] In a partial judgment of possession signed in March 1998, the court ordered that $14,660 in cash belonging to a minor heir be placed in the registry of the court. However, respondent failed to deposit these funds as he was ordered to do. Instead, respondent claims that he kept the cash in his office and that it disappeared from the office. Respondent has failed to make restitution to the heir, despite repeated demands.
| ¡.Respondent also had exclusive control over the succession checking account. He has written numerous checks from that account, each payable to “cash” and in an even amount, usually $1,000 to $2,000. No explanation is included on most checks to indicate the purpose of the payment, but *1291 the checks were apparently cashed by respondent.
During the course of the administration of the succession, a piece of immovable property was sold pursuant to court order. Respondent listed the property with his real estate company, with his wife as the listing agent, and collected a commission when the property was sold. Respondent did not inform the heirs of this fact, and failed to obtain a waiver of his conflict of interest from each of them.
Respondent has made no annual accounting for the succession funds under his control, and the succession bank account has a very low balance. In addition, after four years, the succession remains open and has not been completed, and the heirs have had little communication from respondent. Despite these facts, respondent has collected a $10,000 attorney’s fee in the matter.
01-DB-038

The Lodge Matter

Sherron Lodge retained respondent to represent her in an employment discrimination claim pending in federal court. Respondent subsequently determined that the claim could not be maintained, and he did not oppose a motion for summary judgment filed by the defendant. However, respondent apparently failed to inform Ms. Lodge of this fact, or otherwise to keep her informed about the status of her case. During the course of the ODC’s investigation of Ms. Lodge’s complaint, respondent was repeatedly asked to provide certain documents, which he did only after he was served with a subpoena.

_[¿The Armstrong Matter

Kweli Armstrong paid respondent $700 in December 1998 to handle a criminal matter. Respondent neglected the matter and failed to communicate with his client. Mr. Armstrong subsequently discharged respondent and requested a refund of the fee he paid; however, respondent failed to comply with this request, nor did he provide his client with an accounting of any work done in the matter.

The Employment Matter

Respondent was employed by the Louisiana Attorney General’s Office from March 30, 1999 to January 12, 2000. Such employment made it unlawful for respondent to represent criminal defendants, pursuant to La.Code Crim. P. art. 65.[2] Nevertheless, during this period of time, respondent represented numerous criminal defendants in state district courts, both directly and indirectly. For example, in State v. Derrick Jerome Allen, No. 11-98-303 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, respondent appeared in court on the record in both April and June 1999. On the other hand, in State v. Patrick Price, No. 99-0885 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, other attorneys appeared on the record, but respondent was in the courtroom and clearly involved in the representation.
^DISCIPLINARY PROCEEDINGS

Petitions for Consent Discipline

On February 1, 2001, respondent and the ODC filed a joint petition for con *1292 sent discipline in 01-DB-015. In the petition, respondent admitted that his conduct in the succession matter constituted a violation of Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5(a) (fee arrangements), 1.8(a) (prohibited transactions between a lawyer and a client), 1.15(a) and (b) (safekeeping property of clients or third persons), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Citing several aggravating factors, including prior disciplinary offenses,[3] dishonest or selfish motive, pattern of misconduct, multiple offenses, and vulnerability of the victim, the parties proposed that respondent be disbarred from the practice of law.
On April 10, 2001, respondent and the ODC filed a joint petition for consent discipline in 01-DB-038. In the petition, respondent admitted that his conduct in the Lodge, Armstrong, and employment matters constituted a violation of Rules 1.3, 1.4, 1.5(f)(6) (payment of fees in advance of services), 1.7 (conflict of interest), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct. The parties added an additional aggravating factor to those cited in the earlier petition, namely substantial experience in the practice of law (admitted 1992), and sought the imposition of disbarment, concurrent with the period of disbarment proposed in 01-DB-015.
|fiOn April 25, 2001, the two petitions for consent discipline were consolidated in the disciplinary board.

Disciplinary Board Recommendation

The disciplinary board found that respondent knowingly, if not intentionally, violated a duty owed to his clients, the legal system, and the profession. The board found that in each instance, respondent’s misconduct caused serious actual injury to his clients and the profession. The board concurred in the aggravating factors cited by the parties in the joint petitions for consent discipline, and agreed that the record does not support the presence of any mitigating factors.
Relying upon the ABA’s Standards for Imposing Lawyer Sanctions and jurisprudence from this court, the board concluded that the proposed sanction of disbarment is appropriate to address respondent’s misconduct in the four matters at issue. Accordingly, the board recommended the consent discipline be accepted and that respondent be disbarred from the practice of law.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future miscon- *1293 duet. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered Rin light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has admitted to numerous instances of serious professional misconduct, including neglect of legal matters, failure to communicate with clients, failure to account for or return unearned legal fees, failure to properly safeguard client and third-party funds, engaging in prohibited conflicts of interest, and failure to cooperate with the ODC in its investigation. Taken as a whole, and considering the lengthy list of aggravating factors present in this case, disbarment is clearly appropriate. Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Duke Ellington Tilley, Jr. be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to his clients and to injured third parties. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Respondent functioned both as the succession representative and the attorney for the succession.

. La.Code Crim. P. art. 65 provides in pertinent part as follows:
It is unlawful for the following officers or their law partners to defend or assist in the defense of any person charged with an offense in any parish of the state:
(1) Any district attorney or assistant district attorney; or
(2) The attorney general or any assistant attorney general, ...

. Respondent was admonished in 1998 for lack of diligence and failing to cooperate in a disciplinary investigation (98-ADB-048), and was publicly reprimanded in 2000 for failing to promptly return an unearned fee and failing to cooperate in a disciplinary investigation (00-DB-013).